UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

                          NO. CIV. 2:11-2982 WBS EFB

        Plaintiff,

    v.

THE SOLANO COMPUTER GUY, INC.,
individually and d/b/a The
Solano Computer Guy; CATHERINE
A. SPENCER; CENTRAL COMMERCIAL
BUILDING, LLC; JOHN S. HOLM;
LEONE E. HOLM,

        Defendants.
_____/

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the parties' Joint Status Report, the
court hereby vacates the Status (Pretrial Scheduling) Conference
scheduled for March 19, 2012.

        I.    <u>SERVICE OF PROCESS</u>

        The named defendants have been served and no further
service is permitted without leave of court, good cause having
been shown under Federal Rule of Civil Procedure 16(b).

1

II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff has brought claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12183.  Venue is undisputed and is hereby found to be proper.

IV.  DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than April 16, 2012.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than June 11, 2012.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before July 16, 2012.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by August 13, 2012.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if

2

1 necessary and, where discovery has been ordered, the order has

2 been obeyed.  All motions to compel discovery must be noticed on

3 the magistrate judge's calendar in accordance with the local

4 rules of this court and so that such motions may be heard (and

5 any resulting orders obeyed) not later than August 13, 2012.

6                V.  <u>MOTION HEARING SCHEDULE</u>

7          All motions, except motions for continuances, temporary

8 restraining orders, or other emergency applications, shall be

9 filed on or before September 24, 2012.  All motions shall be

10 noticed for the next available hearing date.  Counsel are

11 cautioned to refer to the local rules regarding the requirements

12 for noticing and opposing such motions on the court's regularly

13 scheduled law and motion calendar.

14               VI.  <u>FINAL PRETRIAL CONFERENCE</u>

15          The Final Pretrial Conference is set for December 10,

16 2012, at 2:00 p.m. in Courtroom No. 5.  The conference shall be

17 attended by at least one of the attorneys who will conduct the

18 trial for each of the parties and by any unrepresented parties.

19          Counsel for all parties are to be fully prepared for

20 trial at the time of the Pretrial Conference, with no matters

21 remaining to be accomplished except production of witnesses for

22 oral testimony.  Counsel shall file separate pretrial statements,

23 and are referred to Local Rules 281 and 282 relating to the

24 contents of and time for filing those statements.  In addition to

25 those subjects listed in Local Rule 281(b), the parties are to

26 provide the court with: (1) a plain, concise statement which

27 identifies every non-discovery motion which has been made to the

28 court, and its resolution; (2) a list of the remaining claims as

3

against each defendant; and (3) the estimated number of trial
days.

In providing the plain, concise statements of
undisputed facts and disputed factual issues contemplated by
Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
that remain at issue, and any remaining affirmatively pled
defenses thereto.  If the case is to be tried to a jury, the
parties shall also prepare a succinct statement of the case,
which is appropriate for the court to read to the jury.

VII.  <u>TRIAL SETTING</u>

The jury trial is set for February 12, 2013, at 9:00
a.m.  The parties estimate the a jury trial will last four days.

VIII. <u>SETTLEMENT CONFERENCE & VDRP</u>

The parties have expressed an interest in pursuing the
Voluntary Dispute Resolution Program, which they may pursue
pursuant to Eastern District Local Rule 16-271(c)(3).

A Settlement Conference will be set at the time of the
Pretrial Conference.  All parties should be prepared to advise
the court whether they will stipulate to the trial judge acting
as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full
settlement authority present at the Settlement Conference or to
be fully authorized to settle the matter on any terms.  At least
seven calendar days before the Settlement Conference counsel for
each party shall submit a confidential Settlement Conference
Statement for review by the settlement judge.  If the settlement
judge is not the trial judge, the Settlement Conference
Statements shall not be filed and will not otherwise be disclosed

4

1 | to the trial judge.

2 |        IX.   <u>MODIFICATIONS TO SCHEDULING ORDER</u>

3 |        Any requests to modify the dates or terms of this

4 | Scheduling Order, except requests to change the date of the

5 | trial, may be heard and decided by the assigned Magistrate Judge.

6 | All requests to change the trial date shall be heard and decided

7 | only by the undersigned judge.

8 | DATED: March 12, 2012

9 |

10 | WILLIAM B. SHUBB

11 | UNITED STATES DISTRICT JUDGE

5